UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

       Plaintiff,

v.                                 CASE NO. 3:21-cv-776-MMH-JBT

FIFTH THIRD BANK, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs (Doc. 2) ("Motion").  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

## I.    Background

The Court previously took the Motion under advisement and ordered Plaintiff to file an amended complaint (*See* Doc. 3.)  The Court gleaned from the Complaint

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

that Plaintiff was attempting to sue Fifth Third Bank, two of its employees, and Robert A. Neilson, Esq. regarding a dispute involving Plaintiff's account at Fifth Third Bank in Jacksonville, Florida.  (Doc. 3 at 3; *see also* Doc. 1.)    Because the Complaint was largely incomprehensible, appeared to allege a non-actionable claim under 42 U.S.C. § 1983, and was an improper attempt to appeal a state court decision to federal court, the Court ordered Plaintiff to file an amended complaint curing those deficiencies and others, if possible.  (Doc. 3 at 3–5.)    Plaintiff then filed his Amended Complaint, which appears to contain allegations that are substantially similar to the Complaint.  (*See* Docs. 1 & 4.)  Thus, Plaintiff has not cured the deficiencies previously identified.

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

2

is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Id.*

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2]   As such, even *pro se* complaints that are

_____

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

"disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III.    Analysis

The undersigned recommends that, even liberally construed, the Amended Complaint does not meet the above requirements and fails to cure the deficiencies set forth in the Court's prior Order.  Thus, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

First, although it is not clear who the defendants are, it appears that the Court may lack subject matter jurisdiction.  Plaintiff attempts to establish a basis for both federal question and diversity jurisdiction.  Although Plaintiff alleges that Defendants violated his constitutional and civil rights (*see* Doc. 4 at 5), he appears to allege a dispute between private parties, and not an actionable claim under 42 U.S.C. § 1983 involving state actors.  *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  The dispute appears to center around Plaintiff's allegation that certain bank employees cashed two $5,000.00 certificates of deposit without his knowledge.  (Doc. 4 at 6.)  Moreover, Plaintiff alleges no plausible facts regarding discrimination or any civil rights violation.

Plaintiff also appears unable to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and at least some of the defendants appear

to be domiciled in Florida.  (*See* Doc. 4 at 4.); *see also Ranbaxy Laboratories Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) ("A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state.").   Thus, the undersigned recommends that Plaintiff has not sufficiently alleged subject matter jurisdiction.

Further, it still appears that Plaintiff is attempting to appeal a state court decision to federal court.  In his initial Complaint, Plaintiff called himself "Appellant" and attached an order dated August 2, 2021 from the Florida First District Court of Appeal dismissing an appeal by Plaintiff against Fifth Third Bank for lack of jurisdiction.[3]  (Doc. 1 at 3; Doc. 1-1 at 2.)   In the Amended Complaint, Plaintiff refers to himself as both Plaintiff and Appellant, and states that "Judge Robert M. Dees did not uphold the independence and integrity impartiality [sic] of the judiciary . . . ."  (Doc. 4 at 9–10.)   Moreover, like the initial Complaint, the Amended Complaint also appears to allege that Judge Dees negligently decided Plaintiff's state court case, and that Mr. Neilson lied to the court during those proceedings.

---

[3] The Court may take judicial notice of the relevant state court filings.  *See Hayden v. Vance*, 708 Fed. App'x 976, 979 (11th Cir. 2017) (citing *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).   A review of the state circuit court file reveals that Plaintiff was attempting to appeal an order granting summary judgment in favor of Fifth Third Bank dated February 16, 2021.

(*See* Doc. 3 at 4; Doc. 4 at 14.) Thus, to the extent that Plaintiff seeks to appeal a state court decision to this Court, the action is barred by the *Rooker-Feldman* doctrine.  *See Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)) ("[S]tate court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts 'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'")

Finally, the Amended Complaint is equally as incomprehensible and disjointed as the initial Complaint.  (Doc. 3 at 5; *see* Doc. 4.)  Therefore, it is a prohibited shotgun pleading.  *See Lampkin-Asam*, 261 F. App'x at 277.  For all of the foregoing reasons, the undersigned recommends that this case be dismissed.

### IV. Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 2**) be **DENIED**.

2.      The case be **DISMISSED**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on October 21, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff